## UNITED STATES DISTRICT COURT FOR
## NORTHERN DISTRICT OF ILLINOIS

SHELIA BRODY
      Plaintiff,

Hon.
Case No.

v.

JURY TRIAL DEMANDED

SCREEN ACTORS GUILD/ AMERICAN FEDERATION OF TELIVISION AND RADIO ARTISTS, a Labor Union, FRAN DRESCHER, President, LINDA POWELL, Executive Vice President, JOELY FISHER, Secretary-Treasurer, JODI LONG, Vice President, Los Angeles, EZRA KNIGHT, Vice President, New York, MICHELE PROUDE, Vice President, Mid-Sized Locals, SUZANNE BURKHEAD, Vice President, Small Locals, SHARI BELAFONTE, Vice President, Actors/Performers, BOB BUTLER, Vice President, Broadcasters, JANICE PENDARVIS, Vice President, Recording Artists/Singers

      Defendants.

---

CARLA D. AIKENS, P.L.C.
Carla D. Aikens (P69530)
Attorneys for Plaintiff
615 Griswold Street, Suite 709
Detroit, Michigan 48226
Carla@aikenslawfirm.com
Austen@aikenslawfirm.com
Phone: (844) 835-2993
Fax: (877) 454-1680

---

NOW COMES Plaintiff, Shelia Brody, by and through her attorneys, Carla D.

Aikens, P.L.C., and for her Complaint, states as follows:

## PARTIES

1.  At all relevant times to this complaint, Plaintiff Shelia Brody was a resident of Wayne County in the State of Michigan.

2.  Defendant Screen Actors Guild/American Federation of Television and Radio Artists is a labor organization within the meaning of 29 U.S.C § 402 with its principal office in Los Angeles, California, with a Chicago Local Office located at 1 East Erie, Suite #650, Chicago, Illinois 60611.

3.  The current Board of Trustees for SAG-AFTRA as of 2023 includes, but is not limited to, the following FRAN DRESCHER, President, LINDA POWELL, Executive Vice President, JOELY FISHER, Secretary-Treasurer, JODI LONG, Vice President, Los Angeles, EZRA KNIGHT, Vice President, New York, MICHELE PROUDE, Vice President, Mid-Sized Locals, SUZANNE BURKHEAD, Vice President, Small Locals, SHARI BELAFONTE, Vice President, Actors/Performers, BOB BUTLER, Vice President, Broadcasters, JANICE PENDARVIS, Vice President, Recording Artists/Singers

4.  This action is brought in this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as this involved parties from different states and an amount in controversy in excess of $75,000.

## VENUE

5.  Venue is proper in the Northern District of Illinois as Defendant possesses an office in Chicago less than two miles from the Courthouse, this office qualifies for

venue purposes pursuant to 28 U.S.C. § 1391(d) as Defendant's contacts with the Northern District of Illinois are sufficient enough to subject it to personal jurisdiction.

## STATEMENT OF FACTS

6.     Plaintiff is a musician, composer, and performing artist using the stage name "Amuka," and also uses her maiden name "Shelia Horne."

7.     During her career, she worked on George Clinton's Computer Games Album with Capitol recordings to record the song "Atomic Dog."

8.     Plaintiff is identified on the discography as "Shelia Horne."

9.     After the recording of "Atomic Dog," among others and upon information and belief, brands such as Purina and E-Trade both put out commercials using the song.

10.     These commercials led to the payment of royalties to other individuals involved with the recording of "Atomic Dog," but Plaintiff received no compensation for her work.

11.     Upon discovery of her lack of payment, Plaintiff reached out to the Screen Actors Guild and the American Federation of Television and Radio Artists (hereinafter referred to as SAG/AFTRA) for assistance in recovering the money owed to her.

12.     Plaintiff was initially told by a representative of SAG/AFTRA that the only requirement necessary to correct the issue was the submission of notarized

statements from another individual present during the session recording of "Atomic Dog."

13.     Plaintiff complied with the request with a notarized statement from George Clinton, the vocal supervisor and arranger for the session.

14.     SAG/AFTRA stated that the notarized statement was not sufficient.

15.     In response, Plaintiff submitted two more notarized affidavits from Shirley Haden, the session leader for the Atomic Dog recording, and David Spradley, one of the main song writers who also sang alongside Plaintiff on portions of the background track.

16.     Plaintiff would have submitted affidavits from additional session members such as Mallia Franklin, Ray Davis, PNut Johnson, Eddie Hazel, and Garry Shider; however, these other sessions members are sadly deceased.

17.     Upon submission of these additional affidavits, the SAG/AFTRA refused any further assistance on this issue and denied telling Plaintiff this proof would ever be sufficient.

18.     Upon information and belief, SAG/AFTRA even had a colleague warn and discourage Ms. Brody from pursuing the right to be included as a performer on the track and the money rightfully owed to her.

19.     Ms. Brody sang on every song that had vocals on George Clinton's *Computer Games* album, which includes the song "Atomic Dog."

20.     David Spradley, one of the individuals who submitted an affidavit on Ms. Brody's behalf, was paid for the Purina commercial due to the efforts of the SAG/AFTRA, despite his name not being on the session sheet.

21.     Ms. Brody is seeking recovery for the lost monies as well as declaratory relief as stated herein.

22.     SAG/AFTRA stated that any changes to their records would only affect claims going forward as they "cannot go back on past claims."[1]

23.     SAG/AFTRA and Ms. Brody continued correspondence through her son, Tse-Mach Washington, regarding adding Ms. Brody onto the song list for any future claims.

24.     Kristina Gorbacsov, a representative of SAG/AFTRA, stated they "have not gotten around to investigating this to completion" as there are no active claims for the song "Atomic Dog."

25.     Upon information and belief, SAG/AFTRA has resolved issues for other contributors on "Atomic Dog" but refuses to do so for Ms. Brody, despite affidavits and documents confirming her contribution to the song.

26.     SAG/AFTRA continues to violate the rights of Ms. Brody by refusing to correct the exclusion of Ms. Brody from payouts related to "Atomic Dog."

---

[1] This was stated by Kristina Gorbacsov, National Director of Music for SAG-AFTRA, to Tse-Mach Washington, Ms. Brody's son, and assistant.

27. Ms. Brody stopped receiving responses from SAG/AFTRA representatives regarding her efforts to be added onto the session list of vocalists for "Atomic Dog," thereby necessitating this lawsuit.

## COUNT I BREACH OF FIDUCIARY DUTY FOR FAILURE TO DISTRIBUTE ROYALTIES TO PLAINTIFF

28. Plaintiffs incorporate the preceding and subsequent allegations as if fully set forth here verbatim, including without limitation the factual allegations contained above.

29. The Trustees are fiduciaries in regard to the Fund pursuant to, among other authorities, 17 U.S.C. §114(g)(2)(B) & (C), and the Trust Agreement. Plaintiff and the Class are beneficiaries of the Fund. As fiduciaries, the Trustees owe to Plaintiff, as a beneficiary, fiduciary duties of loyalty, reasonableness and good faith, diligence and prudence, to act solely in the interest of Plaintiff and to treat her impartially, all of which duties cannot be disclaimed by private agreement between the Trustees, including by the provisions of the Trust Agreement.

30. The Trustees control substantial Royalties that are owed by statute, implementing regulations, the Trust Agreement, and applicable law to Plaintiff. This money belongs to Plaintiff, not to the Fund or the Trustees. Furthermore, Plaintiff reasonably expects that the Trustees will in the future collect additional Royalties owed to them and that the Trustees will likewise fail to distribute those Royalties to them.

31.     As set forth above in detail, by failing to make a reasonable, good faith effort to pay the Royalties to Plaintiff, the Trustees have effectively refused to pay to Plaintiff the Royalties owed to her.

32.     This refusal of the Trustees to pay the Royalties to Plaintiff breach by the Trustees of their fiduciary duties of loyalty, reasonableness and good faith, diligence and prudence, and to act solely in the interests of Plaintiff, who is a beneficiary of the Fund. The Trustees' conduct of their duties under significant conflicts of interest without taking appropriate measures to protect the interests of Plaintiff constitutes a breach of the duty of loyalty. In addition, the Trustees' refusal to pay the Royalties to the Plaintiff constitutes a breach of their fiduciary duty to treat the beneficiaries of the Fund impartially. The Trustees' breaches of their fiduciary duties have proximately caused damages to Plaintiff amount of the Royalties owed to but not paid to her.

33.     To the extent that any of the provisions of the Trust Agreement could be interpreted as providing discretion to the Trustees not to engage in the activities reasonably required to distribute the Royalties to Plaintiff, such provisions would not be enforceable. Alternatively, to the extent that such provisions may grant discretion to the Trustees, the Trustees have nevertheless breached their fiduciary duties owed to Plaintiff because of their failure to make a reasonable, good faith effort to identify Plaintiff and deliver the Royalties to her constitutes willful misconduct, bad faith and abuse of such discretion.

34.      As a remedy, Plaintiff seeks several layers of equitable/declaratory/injunctive relief.  First, she seeks an accounting from the Trustees of all Royalties they have ever received from "Atomic Dog" and of all expenditures they have ever made out of those Royalties, including all payments made to non-featured performers.  Second, Plaintiff seeks a judgment from the Court requiring the Trustees to engage in activities designed to identify and obtain necessary payment information and pay to Plaintiff the Royalties she is owed.

35.      The third layer of equitable relief sought by Plaintiff is a judgment by the Court requiring the Trustees to pay pre-judgment interest and to make additional pro rata distributions to Plaintiff for funds she may have been successfully paid out of that cannot be distributed despite full compliance by the Trustees with the Court's judgment regarding distribution of the Royalties currently held by the Trustees.  The ultimate goal of this relief is that the Trustees will distribute 100% of the Royalties that they currently hold for Plaintiff.  Fourth, and finally, Plaintiffs and the Class seek a judgment requiring the Trustees in connection with their future collection of Royalties from "Atomic Dog" and payment of them to Plaintiff to continue the same practices used to distribute the currently held Royalties.

36.      To be clear, Plaintiff seeks a single judgment from the Court setting forth the obligations of the Trustees going forward, after which the Trustees will be obligated to follow the judgment.  Plaintiff does not request the Court to be involved in supervising the Trustees.  The Court's involvement with the case

will cease after entry of the judgment unless the Trustees fail to comply with it and Plaintiff is forced to seek its enforcement by the Court.

37.     The Trustees have not clearly and openly repudiated their obligations as Trustees. Accordingly, no statute of limitations has ever begun to run on the breach of fiduciary duty claims of Plaintiffs and the Class.

38.     Alternatively, the Trustees' breaches of their fiduciary duties as described above constitute continuing wrongs that are not referable exclusively to the day the original wrongs were committed since the Trustees have had an ongoing duty to distribute all of the Royalties collected by the Fund.  Accordingly, the statute of limitations on these breach of fiduciary duty claims of Plaintiff has been tolled and will not begin to run until the commission of the last wrongful act of the Trustees.

Dated: June 17, 2025                    Respectfully submitted by:

                                        */s/ Carla D. Aikens*
                                        Carla D. Aikens (P69530)
                                        Attorney for Plaintiff
                                        CARLA D. AIKENS, P.C.
                                        615 Griswold St., Suite 709
                                        Detroit, MI 48226
                                        (844) 835-2993
                                        Fax:  (877) 454-1680
                                        carla@aikenslawfirm.com